17 MAG 3002

Approved: _____
BRENDAN F. QUIGLEY
Assistant United States Attorney

APR 21 2017

ORIGINAL

Before:  HONORABLE DEBRA FREEMAN
United States Magistrate Judge
Southern District of New York

DOC #___ ___

- - - - - - - - - - - - - - - - -   x
                                     :
UNITED STATES OF AMERICA             :   **SEALED COMPLAINT**
                                     :
        - v. -                       :   Violation of
                                     :   15 U.S.C. §§ 78j(b) & 78ff;
AVANEESH KRISHNAMOORTHY,             :   17 C.F.R. §§ 240.10b-5, and
                                     :   18 U.S.C. § 2
        Defendant.                   :
                                     :   COUNTY OF OFFENSE:
- - - - - - - - - - - - - - - - -   x   New York

SOUTHERN DISTRICT OF NEW YORK, ss.:

ADAM KARCZEWSKI, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

### COUNT ONE
### (Securities Fraud)

1.   From at least in or about November 2016 through at least in or about December 2016, in the Southern District of New York and elsewhere, AVANEESH KRISHNAMOORTHY, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed, and caused others to use and employ, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing, and causing others to employ, devices, schemes, and artifices to defraud; (b) making, and causing others to make, untrue statements of material fact and omitting to state, and causing others to omit to state, material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging, and causing others to engage, in acts, practices, and courses of business which operated and would operate as a

fraud and deceit upon persons, to wit, on the basis of material, non-public information obtained from his employer, KRISHNAMOORTHY executed and caused to be executed trades in the securities of Neustar, Inc.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2.    I have been a Special Agent with the FBI for approximately six years.  I am currently assigned to a squad responsible for investigating violations of the federal securities laws and related offenses.  I have participated in investigations of such offenses, and have made and participated in arrests of individuals who have committed such offenses.

3.    The information contained in this Complaint is based upon my personal knowledge, as well as information obtained during this investigation, directly or indirectly, from other sources, including, but not limited to records and other documents I have reviewed in the course of this investigation. Because this Complaint is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part.  Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

### Relevant Persons and Entities

4.    At all times relevant to this Complaint, an investment bank (the "Investment Bank"), based in New York, New York, provided, among other things, financing to clients in connection with mergers and acquisitions.  The Investment Bank was a subsidiary of a U.S.-based holding company (the "Company").

5.    At all times relevant to this Complaint, AVANEESH KRISHNAMOORTHY, the defendant, worked as a Vice President and Risk Management Specialist for the Company in New York, New York.  His responsibilities included supporting risk analyses conducted when the Investment Bank was considering undertaking a new engagement.  In this role, KRISHNAMOORTHY had access to material, non-public information concerning, among other things,

potential mergers and acquisitions in which the Investment Bank was potentially going to be retained.

6.    At all times relevant to this Complaint, Neustar, Inc. ("Neustar") was a Virginia-based technology company, whose shares are traded on the New York Stock Exchange (the "NYSE"), under the symbol NSR.

### The Defendant's Duties to the Company

7.    In connection with his employment at the Company, AVANEESH KRISHNAMOORTHY, the defendant, on or about March 23, 2015, signed an "Agreement Regarding the Confidentiality of Information and Assignment of Intellectual Property" (the "Confidentiality Agreement").  In the Confidentiality Agreement, KRISHNAMOORTHY agreed not to use confidential information "for any purpose other than in support of the business of [the Company and its affiliates], including, without limitation, not using or making available [confidential information] for your own benefit or the purpose of benefitting a third party."  In addition, on or about March 2, 2015, KRISHNAMOORTHY attended a compliance training for new hires.  The slide deck used in the presentation (the "Compliance Training Slides") instructed employees that they were "prohibited from buying, selling, or recommending any security, or a derivative thereof, while in possession of [material, non-public information] relating to the issuer o[f] the security" and "[v]iolations of insider trading laws subject [the Company] and the individual to severe penalties, including fines and imprisonment."

### The Defendant's Insider Trading Scheme

8.    On or about November 23, 2016, a Company employee sent an electronic calendar invite (the "First Calendar Invite") to a distribution list, which included AVANEESH KRISHNAMOORTHY, the defendant.  The invite alerted the recipients to an upcoming meeting concerning the Investment Bank's potential involvement in a transaction in which a private equity firm (the "Firm") was going to acquire Neustar.  A document attached to the calendar invite disclosed that the Investment Bank had been asked to provide financing to the Firm in connection with the deal.  The electronic calendar invite contained the words "Highly Confidential."

9.    On or about November 28, 2016, a Company employee sent another electronic calendar invite for an additional meeting concerning the Investment Bank's potential involvement in financing the Firm's purchase of Neustar.  AVANEESH

3

KRISHNAMOORTHY, the defendant, was on the distribution for this e-mail as well.  Again, the calendar invite itself was marked "Highly Confidential."  Attached to the calendar invite was a 71-page document discussing the Firm's purchase of Neustar and the Investment Bank's role in that transaction.  The cover page of this document was marked "Strictly Private and Confidential" and "Internal Use Only."  The attachment indicated, in sum and substance, that the Firm would be acquiring Neustar at a "22% premium to Friday[']s close of $25.00" per share.

        10.  Based on my review of records for two brokerage accounts and documents obtained from the Investment Bank, I have learned the following:

        a.    One of the brokerage accounts ("Brokerage Account-1") was maintained in the name of AVANEESH KRISHNAMOORTHY, the defendant.

        b.    The other account ("Brokerage Account-2" and, together with Brokerage Account-1, "the Brokerage Accounts") was maintained in the name of a person ("Individual-1"), who I understand is the spouse of KRISHNAMOORTHY.

        c.    The Compliance Training Slides discussed above directed Company employees that they were required to "disclose all securities trading accounts to Compliance" and that this policy "extend[ed] to personal accounts maintained by your spouse . . . ."  However, based on my review of communications sent by representatives of the Investment Bank, I have learned that neither of the Brokerage Accounts was disclosed to the Company.

        d.    Based on my review of records for the Brokerage Accounts, I have learned that neither of the Brokerage Accounts owned any Neustar stock or options before November 25, 2016.

        e.    Between November 29, 2016 and December 8, 2016, Brokerage Account-1 purchased 36 "call options" to buy Neustar stock at $25 a share on or before December 16, 2016.  As of December 13, 2016, approximately 18 of these options remained in Brokerage Account-1.[1]

---

[1] Based on my training and experience, I know that a call option is an option to purchase a particular stock at a particular price within a specified time period.  Purchasing call option contracts is consistent with a belief that the price of the underlying security will increase.

f.    Between November 25, 2016 and December 9, 2016, Brokerage Account-2 purchased a total of 39 call options to buy Neustar stock at $25 a share on or before December 16, 2016.  As of December 13, 2016, 32 of these options remained in Brokerage Account-2.

g.    Between November 25, 2016 and December 14, 2016, Brokerage Account-2 purchased 1,600 shares of Neustar stock, and, at the end of the day on December 13, 2016, 400 of these shares remained in Brokerage Account-2.

11.   At the close of the market on December 13, 2016, Neustar's stock price was $27.50 per share.

12.   On or about December 14, 2016, Neustar publicly announced that it had agreed to be bought by the Firm for approximately $1.8 billion.  As part of the deal, Neustar shareholders would receive $33.50 per share in cash.  Based on my review of news reports, I have learned Neustar's stock price increased approximately 20% in the hours following the announcement.

13.   Based on my further review of records for the Brokerage Accounts, I have learned that, on or about December 14, 2016:

a.    Brokerage Account-1 sold 18 call options, which gave the right to buy Neustar stock at $25 a share on or before December 16, 2016.

b.    Brokerage Account-2 sold 400 shares of Neustar stock and five options to buy Neustar stock at $25 a share on or before December 16, 2016.

c.    In total, as a result of trading activity in Neustar stock between November 23, 2016, the day of the First Calendar Invite sent to AVANEESH KRISHNAMOORTHY, the defendant, and December 14, 2016, the day it was publicly announced that the Firm was buying Neustar, Brokerage Account-1 and -2 made $48,427.50 as a result of the purchase and sale of Neustar stock and options.

WHEREFORE, I respectfully request that an arrest warrant be issued for AVANEESH KRISHNAMOORTHY, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.


_____
ADAM KARCZEWSKI
Special Agent
Federal Bureau of Investigation

Sworn to before me this
21st day of April, 2017

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

6